UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-373-BR

| | | |
|---|---|---|
| H. RICHARD AUSTIN, | ) | |
|                Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOUGLAS G. PETERSON & | ) | |
| ASSOCIATES, INC., STEPHEN W. | ) | |
| HOUGHTON, and JIMMY PAU, | ) | |
|                Defendants. | ) | |

This matter is before the court on defendants' Douglas G. Peterson & Associates, Inc. and Stephen W. Houghton's[1] ("movants") motion to dismiss. Plaintiff has filed a response to this motion.

According to plaintiff's own allegations, this lawsuit constitutes the sixth action arising out of a fire that destroyed plaintiff's home in 1993. (Compl. ¶¶ 12a, 13.) By plaintiff's own admission, four of the five prior actions were dismissed based on some form of claim or issue preclusion. (See id. ¶ 13.) The history of the litigation has been well documented by a sister court, see Austin v. Douglas G. Peterson & Assocs., Inc., No. 08-CV-30128-MAP, 2008 WL

---

[1] Defendant Jimmy Pau has not responded to plaintiff's complaint, and some question remains as to whether Pau was properly served due to his apparent relocation to China. (See DE # 11.) Apparently as a result of Pau's failure to respond to the complaint, plaintiff has filed two Affidavits for Entry of Default. (DE ## 18, 19.) Even assuming default is entered against Pau, for plaintiff to obtain default judgment against Pau, the court would still need to determine whether the allegations of fact in the complaint are sufficient to state a claim for relief. See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("a default is not treated as an absolute confession by the defendant of his liability and the plaintiff's right to recover." (citations omitted)). Furthermore, a court may, "in special circumstances," consider a preclusion defense *sua sponte* when the "[']result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.'" Arizona v. California, 530 U.S. 392, 413 (2000) (citation omitted). Accordingly, even though Pau has not appeared and joined in the instant motion, the court considers movants' arguments as to him also.

5070612, at *2 (D. Mass. Nov. 18, 2008), aff'd, No. 09-1099 (1st Cir. Nov. 10, 2009), cert. denied, 130 S. Ct. 2353 (2010).  Prior to this action, in the District of Massachusetts, plaintiff filed a substantially similar complaint against movants as the complaint filed here.  (Compare Case No. 08-CV-3012-MAP (D. Mass.), DE # 1, with Case No. 5:11-CV-373-BR (E.D.N.C.), DE # 1.)  On the Report and Recommendation of Chief Magistrate Judge Kenneth P. Neiman, Judge Michael A. Ponsor dismissed that action on the grounds that it was barred by the doctrine of *res judicata* and by the statute of limitations.  Austin, 2008 WL 5070612, at *1.  Prior to that action, plaintiff had filed another similar suit in the District of Vermont against movants, defendant Pau, and others, which was dismissed on grounds of *res judicata* and collateral estoppel.  Austin v. Downs, Rachlin & Martin, No. 1:03-CV-204, 2003 WL 23273466, at *2 (D. Vt. Nov. 3, 2003), aff'd, 114 Fed. Appx. 21 (2d Cir. 2004), cert. denied, 544 U.S. 961 (2005).

As a result, movants assert that this action should likewise be dismissed on the ground of *res judicata*.  "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits."  Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004) (citation omitted).  As the District Courts of Massachusetts and Vermont have already addressed the claims plaintiff asserts here and ruled against plaintiff and in favor of the same parties here, *res judicata* bars plaintiff's claims.  The motion to dismiss is GRANTED.  Plaintiff's complaint is DISMISSED WITH PREJUDICE,

2

and the Clerk is DIRECTED to close this case.

This 1 December 2011.

　　　　　　　　　　　　　　　　　　　　　　　/s/ W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge

3

Case 5:11-cv-00373-BR   Document 20   Filed 12/01/11   Page 3 of 3